UNITED STATES of America, Appellee,

v.

**Sean Patrick TOBIN, Appellant.**

No. 82–5205.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 10, 1982.

Decided March 3, 1983.

---

Thomas Patrick O'Reilly, Riverdale, Md. (O'Reilly, James, Serio & Tansey, Riverdale, Md., on brief), for appellant.

Stephen J. Immelt, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., James P. Ulwick, Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL, Circuit Judge, and BRYAN, Senior Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

Sean Tobin appeals his conviction for assault with a dangerous weapon with intent to do bodily harm. 18 U.S.C. § 113(c). Following a plea of not guilty and a bench trial upon stipulated facts, he moved the Federal Court for the District of Maryland to vacate its finding of guilt. The Court refused to grant the motion, characterizing it as a motion for a new trial made outside of the mandatory seven day period. Fed.R. Crim.P. 33. Tobin contends that the Court should have treated his motion as one that sought to withdraw a guilty plea under Federal Rule of Criminal Procedure 32(d). We conclude that his argument is meritless and affirm the judgment of the District Court.

On November 11, 1981, Tobin picked up a female hitchhiker on the Baltimore-Washington Parkway (a Federal enclave). After driving several miles, Tobin thrust a knife against her ribs and demanded that she engage in sexual activities with him. The passenger successfully resisted and escaped when he stopped the car. Tobin was arrested two hours later by the Maryland State Police.

On March 22, 1982, the Court denied counsel's motion for a continuance and pronounced the case ready for trial. At this time, Tobin agreed to have the case tried by the Court on a stipulation of facts and he reaffirmed his plea of not guilty. After a lengthy and detailed colloquy in which the Court sought to determine whether Tobin was aware of the ramifications of his agreement, he was found guilty.

One month later, Tobin retained private counsel and the public defender withdrew. Tobin then moved the Court to vacate its finding of guilt. After argument, the Court denied the motion stating that it was actually a motion for a new trial and that in any event, Tobin had been fully cognizant of the possible result of his decision to plead not guilty while agreeing to a stipulation of facts.

Under Rule 33 of the Federal Rules of Criminal Procedure, a motion for a new trial based on a ground other than newly discovered evidence must be made within seven days after a verdict or a finding of guilt.[1] A motion to withdraw a guilty plea

---

1. Rule 33. New Trial

The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment.

however, may be made only before imposition of sentence or at any time in order to correct manifest injustice under Rule 32(d).[2]

The defendant argues that the District Court should have treated his motion as a motion to withdraw a guilty plea under Rule 32. In making this assertion, he relies on cases involving Federal Rule of Criminal Procedure 11. That Rule defines the extent of the examination the trial judge must conduct before permitting a defendant to plead guilty. Although no court has held that Rule 11 applies where a defendant agrees to be tried under a stipulated set of facts, many have declared that the Court's inquiry must be "searching and careful." *See, e.g., United States v. Brown,* 428 F.2d 1100, 1102 (D.C.Cir.1970); *United States v. Terrack,* 515 F.2d 558, 560 (9th Cir.1975).

Nonetheless, these cases also recognize essential differences between guilty pleas and trials upon stipulations of facts. In particular a trial upon a stipulation of facts can result in a finding of not guilty and an acquittal for the defendant. *See Terrack,* 515 F.2d at 561, n. 3; *United States v. Miller,* 588 F.2d 1256, 1265 (9th Cir.1978). Additionally, the Government cannot present facts other than those stipulated. *United States v. Posner,* 408 F.Supp. 1145, 1149 (D.Md.1976) aff'd 551 F.2d 310 (4th Cir.1977).

For these reasons, the two procedures remain fundamentally disparate and a plea of not guilty with a trial upon a stipulation of facts is not equivalent to a plea of guilty. In consequence, the District Court correctly characterized the defendant's motion as one that sought a new trial. In any event, we agree with the district court that the agreement was not shown to have been other than voluntarily and understandingly made. The judgment of the District Court is

*Affirmed.*

---

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.
(As amended Feb. 28, 1966, eff. July 1, 1966.)

**2.** Rule 32. Sentence and Judgment
\* \* \* \* \* \*
(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.