UNITED STATES of America,
Plaintiff–Appellant,

v.

Herbert G. MILLER II,
Defendant–Appellee.

No. 88–2403.

United States Court of Appeals,
Tenth Circuit.

March 15, 1989.

---

Thomas M. O'Rourke, Asst. U.S. Atty. (Michael J. Norton, Acting U.S. Atty., with him on the briefs), Denver, Colo., for plaintiff-appellant.

Charles J. Carroll of Dill and Dill, Denver, Colo., for defendant-appellee.

Before HOLLOWAY, Chief Judge, BRORBY, Circuit Judge, and SAFFELS,* District Judge.

BRORBY, Circuit Judge.

The sole issue presented in this appeal is: When does a trial court lose jurisdiction for the purpose of reconsideration of a motion for new trial?

Defendant, an attorney who has surrendered his license to practice law, is now represented by his third counsel in this case. Each attorney has added his distinctive imprimatur to this case, with rather predictable results.

The first attorney represented Defendant during a trial to the court, and, on November 27, 1984, Defendant was convicted of three counts of violating 18 U.S.C. § 1001. Shortly after conviction, Defendant filed a motion for new trial, based primarily upon the asserted insufficiency of the evidence. This motion was denied on December 10, 1984. Defendant appealed the conviction and the trial court's ruling on the subsequent motion to this court on December 20, 1984. That appeal is pending before this court as No. 84–2766.

Defendant's second counsel entered the picture in April 1985, and on June 28, 1985, filed a "Motion to Vacate and Set Aside Defendant's Conviction on the Indictment." This motion alleged Defendant was not competent to understand the proceeding or able to assist his former counsel, was deprived of effective and competent counsel, and sought relief under 28 U.S.C. § 2255. An evidentiary hearing was held on this motion, and on July 11, 1985, the trial court denied the motion, both as to competency of counsel and as to competency of Defendant. On September 6, 1985, Defendant appealed that ruling to this court. That appeal is docketed as No. 85–2334.

Enter now defendant's third attorney. On August 14, 1986, Defendant filed a "Motion for Reconsideration or, in the Alternative, a Motion to Supplement the Record." In this motion, Defendant requested the trial court to reconsider the court's prior denial of a motion for new trial.

---

* The Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

On November 13, 1986, the trial court certified to this court that if there were to be a remand he "would grant the Motion to Reconsider and would reconsider the defendant's Motion for a new trial." On April 5, 1988, this court partially remanded both appeals "so that the district court may consider Defendant's motion." *See, United States v. Palmer*, 766 F.2d 1441 (10th Cir.1985); *United States v. Siviglia*, 686 F.2d 832 (10th Cir.1981), *cert. denied*, 461 U.S. 918, 103 S.Ct. 1902, 77 L.Ed.2d 289 (1983). On July 5, 1988, the trial court entered an order setting a status conference, and on August 12, 1988, the trial court, at the status conference and without hearing any further evidence, granted "the motion for new trial under Federal Rule of Criminal Procedure 33." The basis for the trial court's decision was stated by the trial court as follows:

Well, I have reviewed the entire matter, and I had some serious question in my mind at the time about the competence of counsel, not in the sense that the lawyer is an incompetent lawyer, but the ·competence of the defense in this case, and concern about whether the trial as— as a result, the trial was fair, whether there was adequate preparation for the trial by the attorney who defended Mr. Miller, adequate communication with the client, and so forth. Adequate preparation, overall.

In the interest of fairness and justice, I am going to grant the motion for new trial under Federal Rule of Criminal Procedure 33, and order that counsel today get a new trial date set.

Government counsel, not to be overshadowed by Defendant's procedural maneuverings, filed a motion to reconsider, which the trial court denied, and the Government, on September 12, 1988, filed this appeal.

■ The Government argues that the trial court did not have jurisdiction to order a new trial under Fed.R.Crim.P. 33. We agree.

Fed.R.Crim.P. 33 reads, in part, as follows:

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years, after final judgment.... A motion for a new trial *based on any other grounds shall be made within 7 days* after verdict or finding of guilty....

(Emphasis added.) The seven-day period for filing a motion for a new trial, based upon any ground other than newly discovered evidence, is a jurisdictional limit on the district court's power to act. *See also Lujan v. United States*, 204 F.2d 171, 172 (10th Cir.1953); *United States v. Brown*, 742 F.2d 363, 368 (7th Cir.1984); *United States v. Dukes*, 727 F.2d 34, 38 (2d Cir. 1984); *United States v. Tobin*, 701 F.2d 1108 (4th Cir.1983); *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982); *United States v. Fontanez*, 628 F.2d 687, 691 (1st Cir.1980), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981); *United States v. Holy Bear*, 624 F.2d 853, 856 (8th Cir.1980).

■ This brings us to the threshold question: Is a petition asking a trial court to reconsider its ruling upon a motion for new trial, filed approximately one year and nine months after a finding of guilty, a timely motion? We hold that it is not.

The purpose of limiting the trial court's power to order a new trial is best stated by the Supreme Court in *United States v. Smith*, 331 U.S. 469, 476, 67 S.Ct. 1330, 1334, 91 L.Ed. 1610 (1947), a case decided prior to the enactment of the current Federal Rules of Criminal Procedure:

It is in the interest of justice that a decision on the propriety of a trial be reached as soon after it has ended as is possible, and that decision be not deferred until the trial's story has taken on the uncertainty and dimness of things long past.

■ The Federal Rules of Criminal Procedure do not specify a time limit for the filing of a motion to reconsider the denial of a prior motion for new trial. Case law does provide us with guidance. In *Cook*, the court stated:

It is well established that in criminal proceedings, petitions for rehearing of orders affecting final judgment are time-

ly filed if made within the period allotted for the noticing of an appeal. *Browder* [*v. Director, Department of Corrections,* 434 U.S. 257, 268, 98 S.Ct. 556, 562, 54 L.Ed.2d 521 (1978) ], *citing [United States v.] Healy,* [376 U.S. 75, 78, 84 S.Ct. 553, 555, 11 L.Ed.2d 527 (1964) ]. In a case such as the one *sub judice,* where the petition for reconsideration was filed by the defendant, the petition is timely if filed within ten days of the entry of judgment. Fed.R.App.P. 4(b). Here, the order overruling the motion for new trial was the judgment. Cook's petition, fifty-six days in the filing, was long overdue.

The delay was fatal. Just as expressly authorized motions for post-judgment relief, such as motions for a new trial, in arrest of judgment, or for reduction of sentence, are, if filed after the period of time allotted for their entry, *see* Fed.R.Crim.P. 33, 34, and 35, beyond the jurisdiction of court, *United States v. Robinson,* 361 U.S. 220, [225–26,] 80 S.Ct. 282, 286, 4 L.Ed.2d 259 (1960), so too are late petitions for reconsideration of orders entering judgment. That the filing deadline raises a jurisdictional bar was made plain by *Browder.*

670 F.2d at 48. We agree with the reasoning employed in *Cook,* and hold a motion to reconsider the denial of a new trial under Fed.R.Crim.P. 33 is timely if filed within ten days of the entry of the judgment or order. Fed.R.App.P. 4(b). Defendant's motion for reconsideration filed twenty-one months after denial of the motion for new trial was not timely. *See also United States v. Russo,* 760 F.2d 1229, 1230 (11th Cir.1985).

Defendant has urged us to adopt the reasoning of other courts, such as *United States v. Doherty,* 675 F.Supp. 726 (D.Mass.1987) (where the court held that it had jurisdiction to reconsider a motion for new trial when there was an intervening change of law); *State v. Manypenny,* 672 F.2d 761 (9th Cir.), *cert. denied,* 459 U.S. 850, 103 S.Ct. 111, 74 L.Ed.2d 98 (1982) (where the Ninth Circuit held that a court has power to reconsider a timely motion for judgment of acquittal); and *United States*

*v. Spiegel,* 604 F.2d 961 (5th Cir.1979), *cert. denied,* 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980) (where the court held that a district court has jurisdiction to reconsider where the original motion was timely filed and the motion for reconsideration was filed within seven days of the decision). These cases are clearly distinguishable.

Defendant asks us to affirm, arguing, first, that the trial court delayed its reconsideration of the § 2255 motion until the transcripts became available. Defendant overlooks the fact that he requested the trial court to reconsider its ruling on the motion for new trial and that the trial court did reconsider its ruling on the motion for new trial under Fed.R.Crim.P. 33. The reconsideration of the court's ruling on the § 2255 motion was not before the trial court. Second, Defendant argues that trial courts have wide discretion in the grant or denial of a motion for a new trial. In making this argument, Defendant assumes the trial court had jurisdiction to grant or deny the motion. We have held the trial court did not have jurisdiction to reconsider its ruling upon the motion for new trial. When jurisdiction is lacking, a court has no discretion.

It should be noted that when the defendant filed his motion requesting the trial court to reconsider its denial of the original motion for new trial, defendant asserted that he was offering newly discovered evidence as a basis for this motion. Were this in fact the case, the motion to reconsider would have been timely under Fed.R.Crim.P. 33. Defendant's claim of newly discovered evidence did not form a basis for the trial court's decision. The basis of the trial court's decision was ineffective assistance of counsel. Ineffective assistance of counsel may not serve as the basis for a motion for a new trial on the ground of newly discovered evidence under Rule 33 where the facts alleged in support of the motion were within the defendant's knowledge at the time of trial. *See United States v. Allen,* 554 F.2d 398, 404–405 (10th Cir.) *cert. denied,* 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977). *See also United*

States v. Ugalde, 861 F.2d 802, 806 (5th Cir.1988), petition for cert. filed, 57 U.S.L. W. 3572 (U.S. Feb. 15, 1989) (No. 88–1357); Brown, 742 F.2d at 368; Dukes, 727 F.2d at 39; United States v. Lara–Hernandez, 588 F.2d 272, 275 (9th Cir.1978). But see United States v. Brown, 476 F.2d 933, 935 n. 11 (D.C.Cir.1973) (ineffective assistance of counsel is newly discovered evidence for purposes of Rule 33); United States v. Thompson, 475 F.2d 931, 932 (D.C.Cir. 1973) (same). The Supreme Court implicitly recognized that a motion for a new trial on the ground of newly discovered evidence is a proper vehicle for assertion of an ineffectiveness of counsel claim in United States v. Cronic, 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984).

The basis of the trial court's ruling concerning the ineffective assistance of counsel claim was simply that original counsel failed to adequately prepare for trial. The facts supporting this ruling were not enunciated by the trial court; however, the facts showing the adequacy of trial preparation should have been available to defendant at the time of trial. As the record fails to show that this evidence of alleged ineffectiveness of counsel was not available to defendant at the time of trial, the motion was defective.

Defendant may have made a substantial showing of ineffective assistance of counsel. However, this issue may only be considered by the trial court in a proceeding wherein the trial court has jurisdiction.

The order of the trial court reconsidering its ruling upon Defendant's motion for new trial and granting a new trial is REVERSED.