922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Maxine DAVIS, Defendant-Appellant
 No. 90-3334.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The Appellant, Miss Maxine Davis, has appealed her jury conviction on December 15, 1989, for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Davis claims on appeal that she has been denied her right to a fair trial guaranteed by the Sixth Amendment to the U.S. Constitution because her attorney gave her ineffective assistance of counsel. Specifically, Davis argued that she was not aware that she had a right to testify in her own defense, and that her attorney's refusal to call her as a witness amounted to an unknowing and involuntary waiver of a fundamental constitutional right. We will not reach this question, however, because the District Court ruled correctly that Davis' motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure was untimely. Accordingly, we affirm the ruling of the District Court. Davis may file a motion under 18 U.S.C. Sec. 2255 if she desires an opportunity to raise her claim and collaterally attack her conviction.
 
 
 2
 A federal grand jury indicted Davis and her companion, Howard John Waide, for possession of cocaine with intent to distribute on August 31, 1989. A jury convicted Davis of the cocaine possession charge on December 15, 1989, after a two day trial in which Waide testified that Davis had carried cocaine from Miami to Cincinnati and then to Columbus. Although Davis might have rebutted Waide's testimony with her own, she did not testify.
 
 
 3
 Subsequently the District Court received a letter from Davis dated February 2, 1990, in which Davis indicated that her attorney did not want her to testify at her trial, but that she had wanted to testify. The District Court treated the letter as equivalent to a motion for a new trial and overruled the motion on March 30, 1990, and sentenced Davis to a thirty-three month term of imprisonment.
 
 
 4
 Rule 33 of the Federal Rules of Criminal Procedure provides that,
 
 
 5
 The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.
 
 
 6
 (Emphasis added.)
 
 
 7
 The plain language of Rule 33 requires that a motion for a new trial be made within seven days unless specific conditions apply, and these specific conditions do not apply in Davis' case. Although no Sixth Circuit case has been discovered that addresses this precise question, case law from other circuits has held uniformly that the seven-day period in which to file a motion for a new trial constitutes a jurisdictional limit on a district court's power to act. See United States v. DiBernardo, 880 F.2d 1216 (11th Cir.1989); United States v. Miller, 869 F.2d 1418 (10th Cir.1989); United States v. Endicott, 869 F.2d 452 (9th Cir.1989); United States v. Coleman, 811 F.2d 804 (3d Cir.1987). Thus, the District Court did not err when it overruled Davis' motion as untimely.
 
 
 8
 The District Court did not consider the merits of Davis' claim, and our ruling today does not foreclose Davis from raising her claim of a violation of her constitutional rights. Davis can file a motion to vacate her judgment under 28 U.S.C. Sec. 2255, which provides broad grounds for relief of constitutional violations and imposes no time limit for jurisdictional purposes. See 3 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL Sec. 552 (1982) (discussing relation of Sec. 2255 to Rule 33). Accordingly, the judgment below is AFFIRMED.