989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant/Cross-Appellee,
v.
Tracy PROWS and David J. Morrisy,
Defendants-Appellees/Cross-Appellants.
 Nos. 92-4075, 92-4083.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1993.
 
 Before LOGAN, HOLLOWAY and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 The United States appeals from a district court order granting defendants Tracy Prows and David J. Morrisy a new trial, and defendants cross-appeal the court's denial of their motion to dismiss the indictment returned against them by the grand jury.
 
 
 2
 * Defendants were convicted by a jury of various counts of wire and mail fraud on August 6, 1991. Defendant Morrisy filed a motion for a new trial on November 7, 1991, and defendant Prows joined that motion on November 27. The district court denied the motion on December 3. Undaunted, on January 17, 1992, defendant Prows filed a motion (later joined by defendant Morrisy) to dismiss the indictment, or, in the alternative, for a new trial. On March 25, the district court denied the motion to dismiss the indictment but granted the motion for a new trial. The government now seeks to have the jury verdict reinstated, while defendants request that the indictment be dismissed.
 
 
 3
 The government may appeal the district court's grant of a new trial provided that the Double Jeopardy Clause does not bar further prosecution. 18 U.S.C. § 3731; United States v. Wood, 958 F.2d 963, 965 (10th Cir.1992). Here, because the government merely seeks the reinstatement of the jury's verdict, double jeopardy is not implicated, and appeal is permitted. Wood, 958 F.2d at 966. Ordinarily a district court's decision to grant a new trial is reviewed for abuse of discretion. Id. However, whether the district court had any discretion to exercise is a question of law, which we review de novo. United States v. Haddock, 956 F.2d 1534, 1544 (10th Cir.), cert. denied, 113 S.Ct. 88 (1992).
 
 
 4
 Federal Rule of Criminal Procedure 33 provides that a motion for a new trial, if not premised on newly discovered evidence, must be made by defendants within seven days after the "verdict or finding of guilty." The accompanying advisory committee note specifies that "a judge has no power to order a new trial on his own motion," but "can act only in response to a motion timely made by a defendant." Id. 1966 Amendment note. This rule operates as "a jurisdictional limit on the district court's power to act." United States v. Miller, 869 F.2d 1418, 1420 (10th Cir.1989). Here, the first motion for a new trial was not made until three months after the jury verdict, clearly out of time unless based on newly discovered evidence.
 
 
 5
 According to the order entered by the district court following the government's request for an explanation, the new trial was granted for the following reasons: (1) defense counsel should have requested a bill of particulars; (2) the jury instructions were overbroad; (3) the head of security of the defrauded party was a former member of the FBI and conducted a sting on defendants that "casts a penumbra over the process"; and (4) a number of minor errors accumulated that, although each would not have justified a new trial standing alone, rendered the proceeding "sufficiently unfair." I R. tab 97 at 2-3. None of these factors constitute newly discovered evidence, including the allegedly ineffective assistance of defendants' counsel. Haddock, 956 F.2d at 1544; Miller, 869 F.2d at 1421. All of the facts forming the basis of the grant of a new trial were within defendants' knowledge at the time of trial; therefore, the motion must have been filed within seven days of the verdict. Because it was not, the district court had no jurisdiction to grant a new trial, and the jury verdict must be reinstated unless defendants are entitled to relief on their cross-appeal.
 
 II
 
 6
 On cross-appeal, defendants seek to reverse the district court's decision not to dismiss the indictment against them. The government argues that this is an interlocutory order, and that any appeal is therefore barred until the conviction becomes final upon sentencing. We agree.
 
 
 7
 As a general rule, the denial of a defendant's motion to dismiss an indictment is a non-appealable interlocutory order under 28 U.S.C. § 1291. However, under certain circumstances such a ruling may fall within the collateral order exception recognized in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). If the order conclusively determines the disputed question, resolves an issue completely collateral to the underlying cause of action, and would be effectively unreviewable on appeal following final judgment, it is immediately appealable. United States v. Deffenbaugh Indus., Inc., 957 F.2d 749, 754 (10th Cir.1992). A challenge to an indictment based on the Double Jeopardy Clause is such an order, Abney v. United States, 431 U.S. 651, 662 (1977), as are "substantial claims attacking the technical validity of the grand jury charging process," Deffenbaugh, 957 F.2d at 755. Denial of a motion to dismiss an indictment based on allegations of grand jury secrecy violations, however, is not immediately appealable, even if a later guilty verdict would render such misconduct harmless. Midland Asphalt Corp. v. United States, 489 U.S. 794, 799-800 (1989).
 
 
 8
 Here, defendants argue that the substance of the indictment failed to state a crime. The Supreme Court has held that a "challenge to the sufficiency of the indictment does not come within the Cohen exception" to the prohibition against interlocutory appeals. Abney, 431 U.S. at 663. Further, because defendants' motion was filed post-trial, their constitutional right not to be tried (even if implicated) could not be vindicated by an appeal at this stage. See Midland Asphalt, 489 U.S. at 800-02. Therefore, defendants' cross-appeal must be dismissed for lack of jurisdiction.
 
 
 9
 The district court's order granting defendants a new trial is REVERSED, and the cause REMANDED with instructions to reinstate the jury verdict and impose sentence in conformity therewith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3