16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Dean CARPER, Defendant-Appellant.
 No. 93-8003.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 1
 D.Wyo. No. 91-CR-0101-01J.
 
 
 2
 Before BALDOCK and McWILLIAMS, Circuit Judges, and SAFFELS,* District Judge.
 
 
 3
 ORDER AND JUDGMENT**
 
 
 4
 SAFFELS, Senior District Judge.
 
 
 5
 Defendant Ricky Dean Carper appeals his conviction by the United States District Court for the District of Wyoming of knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C. Secs. 922(g) and 924(e)(1).
 
 
 6
 In 1980, Ricky Dean Carper was convicted of bank robbery by the United States District Court for the Eastern District of Arkansas. In 1981, he was convicted in Arkansas state court on seven counts of aggravated robbery. In 1982, he was convicted of escape by the United States District Court for the Southern District of Indiana. After he was paroled, he moved to Jackson, Wyoming, and assumed a new name.
 
 
 7
 Just before midnight on August 24, 1991, after spending most of the day in a tavern, the defendant was stopped for erratic driving while operating his motorcycle. After field sobriety tests were conducted, he was arrested for driving while impaired. The arresting officer testified at trial that he found a pistol in a holster on the defendant's person while performing a pat-down search incident to the arrest. Defendant was charged by indictment with being a felon in knowing possession of a firearm. The defendant was convicted as charged on March 26, 1992, following a jury trial. He brings this direct appeal.
 
 
 8
 Three issues are raised in the defendant's appeal. First, he argues that he was denied his constitutional right to testify on his own behalf at trial because of the conduct of his defense counsel. Second, he claims he was provided ineffective assistance of counsel at trial. Third, he claims that the trial court erred in denying his motion for new trial. Filed after substitute counsel was appointed, the motion for new trial raised a number of arguments, including (1) ineffective assistance of counsel and (2) the defendant was unable to assist in his own defense because he was not provided adequate medication for pain during the trial.
 
 
 9
 Each issue asserted in this appeal as a challenge to the conviction was presented for the first time to the trial court either in the defendant's motion for new trial or during the hearing on the motion for new trial.[1] The defendant filed his motion seeking a new trial on June 25, 1992,[2] three months after the jury returned its guilty verdict. As a general rule, Fed.R.Crim.P. 33 permits the court to grant a motion for new trial only if filed within seven days after the verdict or finding of guilty, or within such additional time as the court may fix during the seven-day period. In this case, no request was made to the trial court for an extension. The time limitations imposed by Rule 33 are jurisdictional. See United States v. Miller, 869 F.2d 1418, 1420 (10th Cir.1989) (seven-day limit for motion for new trial based on grounds other than newly discovered evidence imposes jurisdictional limit on court's power to act); see also Rowlette v. United States, 392 F.2d 437, 439 (10th Cir.1968).
 
 
 10
 Although the government concedes that it did not raise a jurisdictional objection to the motion for new trial, the court has the obligation to notice lack of subject matter jurisdiction on its own motion at any stage of the proceedings. See United States v. Siviglia, 686 F.2d 832, 835 (10th Cir.1981), cert. denied, 461 U.S. 918 (1983). Further, lack of jurisdiction cannot be waived, and jurisdiction cannot be conferred on a federal court by consent, inaction, or stipulation. Id. A court lacking jurisdiction cannot render judgment, but must dismiss the case at any stage at which it becomes apparent that jurisdiction is lacking. Id.
 
 
 11
 We recognize that the seven-day limit imposed by Rule 33 does not apply to motions seeking a new trial on the ground of newly discovered evidence, which must be filed within two years after final judgment. In filing the motion for new trial, the defendant asserted that it was based upon newly discovered evidence. However, as the trial court noted in denying the motion, the facts asserted in support of defendant's motion for new trial were within his knowledge at the time of trial, and therefore cannot be considered "newly discovered" evidence. See United States v. Maestas, 523 F.2d 316, 320 (10th Cir.1975); Baca v. United States, 312 F.2d 510, 512 (10th Cir.1962), cert. denied, 373 U.S. 952 (1963). The defendant in this case has not met his burden of establishing that the evidence supporting his motion was discovered since trial. See Maestas, 312 F.2d at 320.
 
 
 12
 Consistent with this general rule, the defendant may not assert ineffective assistance of counsel as a basis for a motion for new trial on the ground of newly discovered evidence if the arguments in favor of the motion were within his knowledge at the time of trial. United States v. Haddock, 956 F.2d 1534, 1544 (10th Cir.); on reh'g on other grounds, 961 F.2d 933 (10th Cir.); cert. denied, 113 S.Ct. 88 (1992); United States v. Miller, 869 F.2d at 1421.[3] During the trial in this case, the defendant was well aware of the conduct of defense counsel of which he now complains in hindsight. He therefore may not claim that the facts related to his counsel's performance at trial constitute newly discovered evidence. Haddock, 956 F.2d at 1545. If the defendant wishes to press his constitutional challenges to his conviction, he must seek collateral review of the conviction in a separate proceeding.[4] See id.
 
 
 13
 The appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 The Honorable Dale E. Saffels, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [1]
 On the third day of trial, defense counsel alerted the court that the defendant was not being provided his regular pain medication while in custody during the course of the trial. The court thereupon directed the United States Marshals Service to provide the defendant with his pain medication. The next morning, defense counsel informed the trial court that the lack of medication had affected the defendant's concentration and awareness of the trial proceedings during the previous day. However, the defense did not ask the court to grant a mistrial or take any other action. The defendant did not allege that the lack of pain medication adversely affected his constitutional right to participate in his own defense until he raised the issue in his motion for new trial
 
 
 [2]
 An amended motion for new trial was filed July 15, 1992, the substance of which was identical to the original motion filed June 25, 1992
 
 
 [3]
 The trial court, acknowledging this court's ruling in Miller and recognizing that the facts supporting defendant's motion for new trial on the basis of newly discovered evidence were known to him at trial, nevertheless addressed the merits of the defendant's argument that he was provided ineffective assistance of counsel. Since jurisdiction was lacking, however, the trial court should have dismissed the defendant's motion for new trial
 
 
 [4]
 Whether or not any of the issues the defendant might raise in such a proceeding would be procedurally barred from collateral review is of course a question for the sentencing court