66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Lee RAY, Defendant-Appellant.
 No. 93-5900.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 
 Ronnie Lee Ray, appellant pro se.
 Thomas Richard Ascik, Office of the United States Attorney, Asheville, NC, for appellee.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ronnie Ray appeals, pro se, from a district court judgment entered pursuant to a jury verdict finding Ray guilty of providing false testimony, in violation of 18 U.S.C. Sec. 1623 (1986), at his trial for charges that he operated a motor vehicle under the influence of intoxicating liquor through a national forest. The driving under the influence charge was eventually dismissed because the prosecution failed to prove federal jurisdiction, but the Government subsequently brought perjury charges against Ray, claiming that he falsely testified at his trial that, while inebriated in a parked car on the side of the road, an officer told him to move his car, and that when he did so the officer arrested him for driving while intoxicated. The basis for the Government's allegation that this testimony was false was an informal conversation Ray had with Assistant United States Attorney Jerry Miller, who prosecuted the DUI charge, in Miller's office about the case. According to Miller, Ray never mentioned that the officer told him to move his car during their conversation about the incident. Ray's eventual conviction was based largely on the testimony of Miller, as there were no witnesses to their conversation.
 
 
 2
 Only days before he testified at Ray's perjury trial, Miller appeared in his capacity as an Assistant United States Attorney before the same array from which Ray's jury was selected. At that time, he questioned and selected four jurors who were also chosen to serve on Ray's jury. In his motion to set aside the jury's verdict, defense counsel stated that he was unaware of Miller's prior association with the jurors during voir dire. The transcript of voir dire reflects that the jurors were introduced to Mr. Miller and asked whether any of them knew him. Only one juror responded affirmatively, stating that he went to the same church as Mr. Miller. That juror was excused from service at the defense's request.
 
 
 3
 The district court denied Ray's pre-judgment motion to set aside the jury's verdict, acquit, or grant a new trial based on his discovery of Miller's association with the jurors. Seven days after the court imposed sentence and entered judgment, however, Ray filed a motion for reconsideration, asking for a new trial under Rule 33 of the Federal Criminal Rules of Procedure, or, alternatively, relief from his sentence under Rule 35. In ruling on Ray's motion for reconsideration the district judge stated that while he wished he could revisit his earlier rulings in this case, he lacked jurisdiction to do so because Ray appealed to this Court the day after filing his second motion seeking a new trial, and he could not act absent a remand from this Court. The district court expressed strong misgivings about its earlier decisions, stating that it "could strongly be argued that" permitting Miller to testify before Ray's particular jury "created an inherent risk of prejudice which likely influenced the jurors and deprived Defendant of a fair trial." The district court felt so strongly that Ray's rights may have been violated that it stayed execution of Ray's sentence pending appeal, based on a finding that "there exist substantial questions of law or fact likely to result in reversal or an order for a new trial."
 
 
 4
 In finding that it lacked jurisdiction to rule on Ray's renewed request for a new trial, the district court relied on Rule 33 of the Federal Rules of Criminal Procedure. That rule provides, in pertinent part: "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case." Fed.R.Crim.P. 33. Under Federal Rule of Appellate Procedure 4(b), however, Rule 33 motions based on newly discovered evidence which are filed before or within 10 days after entry of judgment render notices of appeal ineffective until disposition of the motion. Fed. R.App. P. 4(b). Motions for reconsideration of a request for a new trial filed within 10 days of judgment similarly maintain jurisdiction in the district court. See United States v. Miller, 869 F.2d 1418, 1420-21 (10th Cir.1989). Therefore, under Rule 4(b), because Ray's second motion for a new trial was filed only seven days after the court entered judgment, the district court retained jurisdiction notwithstanding Ray's subsequent filing of a notice of appeal.
 
 
 5
 Accordingly, this case is remanded to the district court for consideration of Ray's motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 DISMISSED AND REMANDED.