**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

SHERRY BYNUM;
JENNIFER GRASSHOFF,

      Plaintiffs-Appellants,

 v.

THE CITY OF OKLAHOMA CITY, a
municipal corporation; OKLAHOMA
COUNTY, ex rel., the Oklahoma
County Board of County
Commissioners; MIKE SMITH; JOHN
DOE, Forty Officers of the Oklahoma
City Police Department,

      Defendants-Appellees.

No. 06-6114
(D.C. No. 05-CV-165-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Sherry Bynum and Jennifer Grasshoff, proceeding pro se here as in the district court, appeal the district court's orders dismissing their claims against defendant City of Oklahoma City (the City), and granting summary judgment in favor of defendants Board of Commissioners of Oklahoma County (the Board) and Oklahoma City Police Officer Mike Smith (Officer Smith). Plaintiffs filed suit under 42 U.S.C. § 1983 claiming their constitutional rights were violated during and as a result of a search of their home and the filing of criminal charges against them. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

On February 11, 2003, several police officers, including Officer Smith, executed a search warrant at plaintiffs' home, looking for illicit drugs, weapons, and indicia of who controlled the home.[1] When the officers first entered, Ms. Bynum was knocked to the floor and held there with a hand on her shoulder until all occupants of the residence could be located. Then she was required to sit on the couch while the search proceeded. Ms. Bynum's daughter, Ms. Grasshoff, arrived home during the search; she also was placed on the couch until the search was concluded. Another of the resident's occupants allegedly was struck by an officer. That occupant is not a party to this suit.

---

[1]     The only officer who was identified and served with process in this case was Officer Smith. Therefore, the other officers are not parties to this action.

The search produced illicit drugs and firearms. Plaintiffs were then handcuffed and transported to jail. They were released on bond about twenty-four hours later. They were charged in state court with possession of marijuana with intent to distribute, possession of methamphetamine, and possession of a firearm while committing a felony. Eventually, they entered guilty pleas to the criminal charges in state court and received deferred sentences.

After the state-court criminal proceedings were terminated, plaintiffs filed the underlying lawsuit alleging that the defendants violated their constitutional rights by (1) interrogating them without first giving *Miranda* warnings, (2) using excessive force in executing the search warrant, (3) falsely arresting them, (4) fabricating evidence that was used to extort their guilty pleas, and (5) conspiring to deprive them of their constitutional rights.

After affording plaintiffs an opportunity to amend their complaint, the district court carefully and patiently analyzed their claims. It granted the City's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court also granted the respective motions for summary judgment filed by the Board and Officer Smith. Plaintiffs filed motions to vacate the orders as to the City and the Board. The district court denied those motions.

Plaintiffs now appeal. As will be discussed later, plaintiffs' appellate issues are framed as an attack on the integrity of the district court and the opposing attorneys. Construing their pro se briefs liberally, the substance of their

arguments appears to be: (1) summary judgment was inappropriate because facts were in dispute, (2) the district court disregarded their proffered evidence that defendants fabricated evidence to support the criminal charges against them, (3) the district court improperly dismissed the City, even though Officer Smith acted pursuant to the policies and customs of the City, (4) the district court denied their due-process rights, (5) plaintiffs were given no *Miranda* warnings, even though the police asked them questions while they were in custody, (6) the police assaulted, battered, and threatened them, and (7) the magistrate judge and district court conspired to unjustly deny them damages.

*Motion to Disqualify All Appellate Judges*

Before addressing the substance of the appeal, we must resolve plaintiffs' motion to disqualify virtually all of the judges on the Tenth Circuit bench, as well as all other federal appellate judges in the country. Their motion consists of an article written by someone unrelated to this appeal about unpublished appellate rulings. Plaintiffs have stated no ground for disqualification. *See* 28 U.S.C. § 455. The motion is denied.

*Standards of Review*

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *Lanman v. Johnson County*, 393 F.3d 1151, 1154-55 (10th Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c). Summary judgment will be granted to defendant if plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Thus, to survive summary judgment the plaintiff has the burden to put forth sufficient evidence to warrant a verdict as a matter of law; a scintilla of evidence will not suffice." *Lanman*, 393 F.3d at 1154-55. A dismissal under Rule 12(b)(6) is also reviewed de novo. *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006).

We review for an abuse of discretion the district court's orders denying plaintiffs' requests to vacate the orders dismissing the City and granting summary judgment to the Board. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (stating motions under either Rule 59(e) or Rule 60(b) reviewed for abuse of discretion). Plaintiffs are representing themselves on appeal so their pleadings will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

*Discussion*

We first observe that plaintiffs' appellate briefs do not comply with Fed. R. App. P. 28. "Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority" and the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quotation omitted). We recognize that

plaintiffs made a conclusory statement that the district court failed to follow the law, and then listed almost three pages of case citations. This is not adequate appellate argument.

More troubling is plaintiffs' scurrilous, unfounded attack on the integrity of the district judge and the attorneys for the defendants. For example, they charge that the district judge "exemplifies the arrogance and deceitfulness of a federal judiciary which has literally gone mad as well as displaying a total lack of competence in the law." Aplt. Opening Br. at 7. Further, in addition to charging that the judge has violated federal law "hundreds of times," thus demonstrating his "heinous criminal nature," plaintiffs state: "Of course, it don't make no never mind to [the district judge, he] is so far above the law, [he] cain't [sic] see the law, but then, [the judge] makes it up as he goes along anyway." Aplt. Reply Br. to Aplee. Smith at 3. Referring to one of the defendants' attorneys, plaintiffs wrote: "but hey -- when you get to lie like hell to gain advantage as [the attorney] has done -- well go ahead and lie! Who cares?" *Id*. at 4. These statements come perilously close to forfeiting plaintiffs' right to appellate review. *See Garrett*, 425 F.3d at 840 (10th Cir. 2005) (holding plaintiff's scurrilous briefs that failed to address substance of claims forfeited appeal).

Nevertheless, we have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the judgment substantially for the reasons stated in the district court's

-6-

orders granting the respective defendants' motions to dismiss or for summary judgment. We further find no abuse of discretion in the district court's orders denying plaintiffs' motions to vacate the judgments.

*Conclusion*

Plaintiffs' motion to disqualify all appellate judges is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge