FILED
United States Court of Appeals
Tenth Circuit

**October 23, 2025**

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IGNACIO CHAVEZ,

    Defendant - Appellant.

No. 25-2023
(D.C. No. 5:20-CR-02040-RB-3)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Ignacio Chavez pleaded guilty to drug-related offenses and was sentenced to 168 months of imprisonment. Approximately a year later, Chavez filed a counseled motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Specifically, Chavez cited the Sentencing Commission's then-recent provision under § 4C1.1 of the United States Sentencing Guidelines, which allows a qualifying "zero-point" offender to receive a two-level reduction in his offense level. The district court dismissed Chavez's motion for

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

lack of jurisdiction because it found he possessed a firearm in connection with the offenses of conviction, making him ineligible for the reduction.  Over three months later, Chavez filed a pro se motion for reconsideration.  The court denied the motion as untimely and, alternatively, as lacking merit.  Chavez, again proceeding pro se, appeals the district court's denial of his motion for reconsideration.  He also moves for leave to proceed *in forma pauperis*.

Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.  Chavez's motion was untimely and thus the court did not abuse its discretion in denying it.  We also agree that Chavez's motion, even if timely, would have failed.  We grant his motion to proceed *in forma pauperis*.

## I.    Background

Chavez pleaded guilty to four drug-related counts and entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The plea agreement provided that Chavez admitted possessing "a pound of methamphetamine, four firearms, and $3,205 in cash in [his] residence" at the time of his arrest, and that he "lived in and operated [that] residence [which was] frequently used to store the methamphetamine prior to its distribution."  R., Vol. I at 175 (agreeing that "the [c]ourt may rely on any of these facts, as well as facts in the presentence report, to determine [his] sentence, including, but not limited to, the advisory guideline offense level").  The parties agreed that 168 months of imprisonment was appropriate.

At sentencing, Chavez did not object to any facts in his presentence report, which noted that four firearms and ammunition (as well as several bags of methamphetamine and a digital scale) were recovered at his home at the time of his arrest. The district court determined Chavez's total offense level was 35—although his base offense level was 34, two levels were added because he possessed a firearm (U.S.S.G. § 2D1.1(b)(1)), another two levels were added for maintaining a premises for the purpose of distributing a controlled substance (U.S.S.G. § 2D1.1(b)(12)), and three levels were decreased for acceptance of responsibility (U.S.S.G. § 3E1.1). Chavez did not have any criminal history points and thus his criminal history category was I. Based on an offense level of 35 and a criminal history category of I, the Guidelines sentencing range was 168 to 210 months of imprisonment. The court sentenced Chavez to 168 months.

Approximately four years after his sentencing proceeding, Chavez filed a counseled amended motion to reduce his sentence by 33 months pursuant to 18 U.S.C. 3582(c)(2). *See United States v. Cervantes-Aguilar*, No. 24-3195, 2025 WL 1292342, at *1 (10th Cir. May 5, 2025) ("Section 3582(c)(2) allows a sentence reduction for a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (citation modified)). Chavez based his motion on the Sentencing Commission's Amendment 821, Part B, which provides that certain defendants may be eligible for a two-level decrease of their offense level. *See* U.S.S.G. § 4C1.1 ("Adjustment for Certain Zero-Point Offenders"). On September 18, 2024, the court

dismissed Chavez's motion for lack of jurisdiction[1] because the section prohibits the adjustment for defendants who "possess[ed] . . . a firearm . . . in connection with the offense." *Id.* at § 4C1.1(a)(7). Relatedly, the court determined that Chavez could not show by a preponderance of the evidence that he did not actually possess a firearm in close connection with the offense. R., Vol. I at 235–37.

Chavez did not appeal the court's decision, but filed a motion for reconsideration three months later. The court subsequently denied the motion because it was not timely filed. Alternatively, the court found that even if his motion were timely, it lacked merit because Chavez did not demonstrate that the court misapprehended the facts, a party's position, or the law, as required to prevail on a motion for reconsideration. Chavez appealed the court's denial.

## II.    Discussion

### A.    *Standard of Review*

Although the Federal Rules of Criminal Procedure "do not authorize a motion for reconsideration," we have held such motions "are proper in criminal cases." *United States v. Warren*, 22 F.4th 917, 922 (10th Cir. 2022) (citations omitted). A criminal defendant or the government may move to reconsider. *United States v.*

---

[1] The court's order indicates that Chavez's motion for sentence reduction was denied. R., Vol. I at 238. The court's memorandum opinion explains that because Chavez is not eligible for a sentence reduction, the court lacks jurisdiction and thus dismisses the motion. *Id.* at 237; *see United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction."). For the purposes of reviewing Chavez's motion for reconsideration, this distinction does not matter.

4

*Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) (citing *United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989)).

"We review the district court's denial of a motion for reconsideration for an abuse of discretion." *United States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004) (citing *Anthony v. Baker*, 767 F.2d 657, 666 (10th Cir. 1985)). "We will not disturb such a decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009)).

Because Chavez is proceeding pro se on appeal, we construe his brief liberally, although not without limits. *Bynum v. City of Oklahoma City*, 204 F. App'x 767, 769 (10th Cir. 2006) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### B.     *Timeliness*

"[A] motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order." *Warren*, 22 F.4th at 924 (citing *Randall*, 666 F.3d at 1243). We impose this deadline because if motions for reconsideration could be brought at any time, "criminal proceedings might never end." *Randall*, 666 F.3d at 1242.

5

Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), that means Chavez had fourteen days after entry of the court's order to file a motion for reconsideration. *See Randall*, 666 F.3d at 1243 (denying defendant's motion to reconsider as untimely because he did not file it within fourteen days of the district court's order denying the motion for sentence reduction). Because the court issued its memorandum opinion denying his motion for sentence reduction on September 18, 2024, Chavez had until October 2, 2024 to file a motion for reconsideration. Chavez, however, filed his motion on December 26, 2024.

Chavez acknowledges that his motion was untimely, but asserts that he has "an excusable neglect and good cause for the untimely motion for reconsideration." Aplt Br. 6. First, he argues that he received ineffective assistance of counsel because his counsel did not inform him of the court's order until October 4, 2024. *Id.* at 4–5. But "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction," *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), and thus Chavez "cannot claim that he received ineffective assistance of counsel in his § 3582 proceedings." *United States v. Carrillo*, 389 F. App'x 861, 863 (10th Cir. 2010). Second, Chavez does not explain why he did not immediately request an extension to the deadline under Rule 4(b), which allows a court to extend the filing period for an additional thirty days "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4). And finally, even if we assume Chavez timely requested an extension upon a showing of excusable neglect or good cause, there is

6

no guarantee the court would have granted extension upon extension to allow him to file a motion to reconsider nearly three months after its opinion was issued.

We find no abuse of discretion in the court's denial of Chavez's motion to reconsider.  Even as a pro se litigant, Chavez is bound by the established deadlines and rules of procedure.  *Garrett*, 425 F.3d at 840.

### C.     *Lacks Merit and Jurisdiction*

The court alternatively held that it would have lacked jurisdiction to review Chavez's motion even if he had timely filed.  We agree.

A motion for reconsideration "is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'"  *Barber*, 562 F.3d at 1228 (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  Unless a motion "falls squarely within one of the three exceptions set out by § 3582(c), under our existing precedent, we lack jurisdiction."  *Warren*, 22 F.4th at 926 (citation omitted).  "Generally, the burden is on the defendant to show that a reduction in sentencing is appropriate."  *United States v. Verners*, 103 F.3d 108, 110 (10th Cir. 1996) (citations omitted).[2]

---

[2] Chavez argues that "the 10th Circuit precedent . . . places the initial burden of proving possession of a weapon for purposes of the offense by a preponderance of the evidence on the government."  Aplt Br. 7 (citing *United States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir. 2001)).  Chavez compares apples to oranges—in *Pompey*, the appellant was appealing a two-level enhancement for possession of a firearm in a drug conspiracy under U.S.S.G. § 2D1.1(b)(1).  *Pompey*, 264 F.3d at 1180.  Here, Chavez is appealing the denial of a sentence reduction under § 4C1.1, not his U.S.S.G. § 2D1.1(b)(1) sentencing enhancement.

Chavez had a criminal history score of zero and thus would have been eligible to receive a sentence reduction had he satisfied all ten criteria under U.S.S.G. § 4C1.1, including that he "did not possess . . . a firearm or other dangerous weapon . . . in connection with the [drug] offense."  U.S.S.G. § 4C1.1(a)(7).  We have explained that a defendant "possesses a firearm 'in connection with the offense,' if the firearm facilitated or had the potential to facilitate the offense."  *United States v. Bernal Salazar*, No. 24-6121, 2024 WL 4603965, at *3 (10th Cir. Oct. 29, 2024) (citation modified) ("We look to our precedents interpreting § 5C1.2(a)(2) for guidance.").

But Chavez cannot demonstrate that he did not possess a firearm in connection with the offense.  Chavez admitted in his plea agreement that he "had approximately a pound of methamphetamine, four firearms, and $3,205 cash in [his] residence," which was "frequently used to store the methamphetamine prior to its distribution."  R., Vol. I at 175.  He also admitted to living in and operating that residence.  *Id.*  Additionally, Chavez was aware of, and agreed to forfeit, the identified firearms and ammunition which were "derived from or used in the commission of the offense."  *Id.* at 176.[3]  Cases like these demonstrate that "firearms are 'tools of the trade'—that is, means for the distribution of illegal drugs."  *United States v. Hargrove*, 911 F.3d 1306, 1331 (10th Cir. 2019) (collecting cases).  Often, "[f]irearms are used by drug

---

[3] And tellingly, Chavez did not object to any facts in the presentence report, nor does he cite any part of the record that suggests the firearms were wholly separate and irrelevant to the commission of the offense.

traffickers (among other things) to protect themselves from other criminals and to safeguard their valuable narcotics from theft." *Id.* (collecting cases). Accordingly, Chavez's argument that the "firearms were not loaded and not in the proximaty [sic] of the drugs," Aplt Br. 7, does not convince us that the firearms in Chavez's residence did not facilitate, or lacked potential to facilitate, the drug-related offenses.

Chavez further argues that congressional intent and the Constitution protect his Second Amendment rights. *Id.* at 9–10. But as the district court articulated, Chavez does not explain how that right is relevant to his present motion or appeal. *See* R., Vol. I at 257.

So even if Chavez's motion were timely, we agree that the district court would have lacked jurisdiction to review it because Chavez does not fall into one of the three exceptions in § 3582(c).

## III. Conclusion

For the reasons stated, we affirm the district court's judgment. We grant Chavez's motion to proceed *in forma pauperis.*

Entered for the Court

Timothy M. Tymkovich
Circuit Judge