UNITED STATES of America,

v.

Benjamin J. THOMPSON, Appellant.

No. 71-1182.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 24, 1973.

Allen M. Hutter, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry, Herbert B. Hoffman, and Guy H. Cunningham, III, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

In support of his claim of ineffectiveness of counsel, appellant asserts that his trial attorney [1] failed to interview or call at least four known witnesses who would have testified on appellant's behalf, corroborating his version of the events leading up to his arrest.[2] Counsel on appeal (who is not trial counsel) has presented to this court affidavits indicating that these witnesses would, indeed, have offered testimony favorable to the defense. The decision to call a witness is not, as the government asserts, one totally immune from review. The failure to investigate or call particular witnesses surely may amount to ineffectiveness of counsel in certain circumstances. The allegations of ineffectiveness cited to this court by a responsible member of the Bar are cer-

1. Trial counsel in this case was the same lawyer who was found to have rendered ineffective assistance in Matthews v. United States, 145 U.S.App.D.C. 323, 449 F.2d 985 (1971) and United States v. Hammonds, 138 U.S.App.D.C. 166, 425 F.2d 597 (1970).

2. Counsel on appeal has also submitted affidavits from a number of potential character witnesses whom he alleges were never contacted or interviewed. No witnesses other than the appellant were presented by the defense at trial.

tainly serious enough to warrant judicial scrutiny. But, the affidavits are not properly before us and the record alone does not provide a satisfactory basis for considering the issue of ineffectiveness. Appellant is not relegated to his post-conviction remedies to secure a hearing on his claim.[3] "[H]e may raise and more fully support [that] claim . . . on a motion for a new trial without excusing that action with a showing of earlier 'due diligence.' "[4]

ROBB, Circuit Judge, concurring:

I concur in the result. I cannot approve an attempt to retry a criminal case in this court on affidavits presented by appellate counsel.

---

3. A claim of ineffectiveness is said to require "a more powerful showing of inadequacy" to sustain a collateral attack than to warrant an order for a new trial by the District Court or on direct appeal. Bruce v. United States, 126 U.S.App.D.C. 336, 340, 379 F.2d 113, 117 (1967).

4. United States v. Smallwood, 153 U.S.App. D.C. 387, at 393, 473 F.2d 98 at 104 (1972) (Bazelon, Chief Judge, concurring) ; see Fed.R.Crim.P. 33; Marshall v. United States, 141 U.S.App.D.C. 1, 6 n. 11, 436 F.2d 155, 161 n. 11 (1970).