**UNITED STATES of America**

**v.**

**Douglas F. BROWN, a/k/a Douglas Brown, Appellant.**

**No. 72-1208.**

United States Court of Appeals, District of Columbia Circuit.

March 16, 1973.

J. Gordon Arbuckle, Washington, D. C., was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Brian W. Shaughnessy, Philip L. Cohan, and John J. Mulrooney, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, ELBERT P. TUTTLE * United States Senior Circuit Judge for the Fifth Circuit, and MacKINNON, Circuit Judge.

PER CURIAM:

■ Appellant, who was convicted of possession of a sawed-off shotgun,[1] rais-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Appellant was convicted of possession of an unregistered firearm, 26 U.S.C. § 5861

(d) ; possession of a firearm not identified by serial number, 26 U.S.C. § 5861(i) ; and possession of a prohibited weapon, 22 D.C.Code § 3214(a).

es a number of issues, only one of which deserves comment.[2] Before trial, appointed defense counsel apprised the court of appellant's prior criminal record,[3] and inquired whether any of appellant's prior convictions would be admissible to impeach him. The court ruled it would only admit the most recent conviction—for assault with intent to commit robbery in 1968. The trial judge thus appears to have exercised his discretion, foreclosing any challenge to the 1970 amendments to the *Luck* statute in this case.[4] Defense counsel seems to have acquiesced in the trial court's decision—there was no mention of a *Luck* hearing nor argument for the judge to exercise his discretion to exclude the most recent conviction as well. This court has repeatedly held that the burden is on defense counsel to invoke *Luck* and to show why the court should exercise its discretion to render a prior conviction unavailable for impeachment.[5] The failure of the court to hold a *Luck* hearing is therefore not grounds for reversal in this case.

Appellant notes that there is substantial indication that defendants with court-appointed lawyers fare far worse than those with retained attorneys.[6] As he points out, an indigent's advocacy alternatives are limited and the efforts of his appointed counsel are often hampered by institutional pressures.[7] Thus, appellant asserts, sole reliance on the adversary system to protect the defendant's rights is unrealistic. Appellant would have us take these facts into consideration in applying the plain error rule when a court appointed counsel has failed to register an objection.[8] Appellant urges that these con-

---

2. Appellant also asserts as error the improper admission of evidence of the factual circumstances of his arrest and the prosecutor's discussion of the legal concept of possession in his summation. We find neither an adequate reason for reversal.

3. Defense counsel recited a series of charges against appellant dating back to 1965, including a recent sentence under the Youth Corrections Act.

4. 14 D.C.Code § 305 (Supp. V 1972) (purporting to preempt the trial judge's discretion by permitting the impeachment of a witness by any of a specified group of crimes for which the witness had been convicted.) The constitutionality of this statute is currently under consideration by this court in United States v. Henson, No. 71–1456 (D.C.Cir. filed June 13, 1971) ; United States v. Marshall, No. 71–1491 (D.C. filed June 10, 1971) ; United States v. Brown, 71–1497 (D.C.Cir. filed June 18, 1971) ; United States v. Jeffries, 71–1356 (D.C.Cir. filed May 3, 1971).

5. United States v. Coleman, 137 U.S.App. D.C. 110, 113, 420 F.2d 1313, 1316 (1969) ; Smith v. United States, 132 U.S. App.D.C. 131, 131–132, 406 F.2d 667, 667–668 (1968), cert. denied, 394 U.S. 963, 89 S.Ct. 1315, 22 L.Ed.2d 564 (1969) ; Evans v. United States, 130 U.S.App.D.C. 114, 118, 397 F.2d 675, 678–679 (1968) ; Gordon v. United States, 127 U.S.App. D.C. 343, 346, 383 F.2d 936, 939 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

6. *See, e. g.*, Summers, The Tilted Scales of Criminal Justice : The Plight of the Indigent Defendants, 5 Crim.L.Bull. 508 (1969) ; D. Oaks & W. Lehman, A Criminal Justice System and the Indigent : A Study of Chicago and Cook County, 108–38, 150–67 (1966) ; United States v. Martin, No. 71–1457, 154 U.S.App.D.C. —— at ——, 475 F.2d 943 at 956 (1973) (Chief Judge Bazelon dissenting) (citing a study by the Administrative Office of the U. S. Courts showing that offenders with appointed counsel receive longer sentences than offenders with privately retained attorneys).

7. *See, e. g.*, ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services, Approved Draft 1968, § 1.4 commentary (b) at 20–21 (an "assigned lawyer . . . may not have the same freedom of action in defending his client before the judge responsible for the assignment that retained counsel would have") ; A. Blumberg, Criminal Justice 3–38, 95–116 (1967) ; L. Downie, Justice Denied 173–77, 179–82 (1971) ; President's Commission on Law Enforcement and the Administration of Justice, Task Force Reports : The Courts 57–61 (1967).

8. *See* United States v. Martin, No. 71–1457, 154 U.S.App.D.C. —— at ——, 475 F.2d 943 at 954 (1973), (Chief Judge Bazelon dissenting).

siderations should also apply to ameliorate the burden on counsel to invoke the *Luck* rule. But we think it would be unwise to act on that suggestion now.

██ There is nothing in the record before us to indicate whether counsel's failure to ask for a *Luck* hearing was an informed tactical choice or a decision undertaken out of ignorance of the relevant law [9] or indifference to her client's interests. Although appellant's counsel on appeal (who is not trial counsel) disclaims reliance on ineffectiveness of counsel, that issue necessarily lurks in the suggestion that the defendant should not be bound by the failures of his trial attorney. This court has held, however, that we will not resolve the matter of the effectiveness of trial counsel where, as here the record is inadequate for the purpose of deciding whether counsel's challenged decision was a deliberate, knowing and rational tactical choice.[10] Appellant is not deprived of a remedy for a meritorious claim; he may seek to raise the issue of ineffectiveness and support his claim with evidence *dehors* the record either on a timely motion for a new trial [11] or on collateral attack.[12]

Affirmed.

9. *See, e. g.*, People v: Ibarra, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963) (Justice Traynor, writing for the court, reversed a conviction for ineffectiveness where counsel failed to move for the suppression of evidence because of his ignorance of the relevant law).

10. *See* United States v. Benn & Hunt, —— U.S.App.D.C. ——, 476 F.2d 1127 (1972).

11. Fed.R.Crim.P. 33; *see*, United States v. Thompson, No. 71–1182, 154 U.S.App. D.C. ——, 475 F.2d 931 (1973); United States v. Smallwood, 153 U.S.App.D.C. 387 at 393, 473 F.2d 98 at 104 (Nov. 9, 1972) (Bazelon, Chief Judge, concurring); Marshall v. United States, 141 U.S.App.D.C. 1, 5 n. 11, 436 F.2d 155, 159 n. 11 (1970). A motion for a new trial on the grounds of newly discovered evidence may be made within two years of final judgment. Fed.R.Crim.P. 33. Where evidence of the ineffectiveness of trial counsel is brought to the attention of the court for the first time in support of the motion, that evidence is "newly discovered" for the purposes of Rule 33. *See* United States v. Thompson, No. 71–1182, 154 U.S.App.D.C. ——, 475 F.2d 931 (1973).

12. 28 U.S.C. § 2255.