**UNITED STATES of America**

v.

**Victor SANCHEZ, a/k/a Angel Torres, Defendant.**

**Criminal Action No. 90–0512(RCL).**

United States District Court,
District of Columbia.

Feb. 23, 1996.

**30**

Eric Holder, United States Attorney, Robert Spelke, Nancy Page, Assistant U.S. Attorneys, Washington, DC, for Plaintiff.

Santha Sonenberg, Federal Public Defender for D.C., Washington, DC, for Defendant.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter came before the court on September 14, 1995 for a hearing on defendant's Rule 33 motion for a new trial based on a claim of ineffective assistance of trial counsel. Defendant contends that he lacks proficiency in the English language, and that his inability to communicate effectively with counsel during the course of his trial resulted in the denial of his Sixth Amendment right to "reasonably competent assistance" by counsel. Rule 33 permits a defendant to file a motion for new trial based on "newly discovered evidence" within two years of final judgment. Fed.R.Crim.P. 33. Defendant admits that he was aware of the existence of these communication problems at the time of trial. However, defendant maintains that, under District of Columbia law, evidence in support of a claim of ineffective assistance of counsel—regardless of when it is discovered—constitutes "newly discovered evidence" for purposes of Rule 33. Because final judgment has not been rendered in this case, defendant argues that his motion is timely filed. Defendant therefore requests an evidentiary hearing to present this "newly discovered evidence" and asks this court to rule on the merits of his claim of ineffective assistance of counsel.

Upon consideration of the text of Rule 33, the applicable case law, and the filings and arguments of counsel, the court rejects defendant's argument that evidence of ineffective assistance of counsel—even though known by defendant at the time of trial—constitutes "newly discovered evidence" for Rule 33 purposes. To the contrary, evidence known but unappreciated by defendant at the time of trial will rarely, if ever, constitute "newly discovered evidence" under Rule 33. Rule 33 requires motions such as defendant's that are not based on "newly discovered evidence" to be filed within seven days of the guilty verdict. *See* Fed.R.Crim.P. 33. Because defendant's motion was filed over four years after the jury conviction, defendant's motion is procedurally time-barred and, consequently, this court lacks jurisdiction to consider the motion. Defendant, however, still has the opportunity to raise his claim of ineffective assistance of counsel and request for new trial *after sentencing* pursuant to 28 U.S.C. § 2255. Accordingly, for the reasons set forth below, defendant's request for an evidentiary hearing to determine whether defendant's claim of ineffective assistance of counsel is sufficient to justify the granting of a new trial shall be denied.

I.

## BACKGROUND

Defendant was arrested on October 25, 1990 while in constructive possession of approximately 250 grams of cocaine base and 6 grams of cocaine hydrochloride. He was then charged and tried for possession with intent to distribute both cocaine products. On January 29, 1991—the second day of trial—defendant failed to appear in court. The court issued a bench warrant for defendant's arrest, and after a finding that he had voluntarily absconded from the court, the court proceeded with the trial in defendant's absence. On January 30, 1991, the jury found defendant guilty of possession with intent to distribute 50 grams or more of cocaine base and possession with intent to distribute cocaine hydrochloride. On July 14, 1994, the bench warrant was executed and defendant was taken into federal custody.

On July 31, 1995—more than a year after he was returned to federal custody and over four years after the jury conviction—defendant filed a motion pursuant to Rule 33 for a new trial based upon a claim of ineffective assistance of trial counsel. In his motion, defendant claims that he was unable to communicate effectively with counsel and therefore did not receive "reasonably competent assistance" by counsel as guaranteed by the Sixth Amendment. Defendant is fluent in Spanish, but claims that he cannot speak, write, or understand English in any meaningful fashion. He was represented by trial counsel Abbe Jolles, who apparently only speaks English. Although the court provided an interpreter at trial, defendant alleges that Jolles made no arrangements for an interpreter to be present at meetings with defendant outside of court. Defendant claims that he was denied effective assistance of counsel because the language barrier prevented Jolles from communicating with him directly, and because Jolles failed to secure the services of an interpreter to remedy the problem. Defendant therefore requests that this court hold an evidentiary hearing, at which time he hopes to prove his claim of ineffective assistance of counsel.

## II.

## DISCUSSION

■ Federal Rule of Criminal Procedure 33 provides:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interests of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after the final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other ground shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

*Id.* Defendant argues that the evidence upon which his claim of ineffective assistance of trial counsel is based—even though known to him at the time of trial—constitutes "new-

ly discovered evidence" for purposes of Rule 33. Defendant further contends that his motion is timely because it was filed within two years of final judgment as required by Rule 33.

The government, however, maintains that evidence of ineffective assistance of counsel does not constitute "newly discovered evidence" under Rule 33 *unless* such evidence was in fact *unknown* to the defendant at the time of trial. The government draws the court's attention to defendant's own representations that his motion is based upon facts known but unappreciated at the time of trial. In such cases, the government argues that the seven day period applies. Because defendant filed his motion over four years after the jury rendered its verdict, the government argues that defendant's motion is procedurally time-barred.

Defendant's motion presents a twofold inquiry. As an initial matter, the court must determine whether evidence of ineffective assistance of counsel known to the defendant at the time of trial constitutes "newly discovered evidence" under Rule 33. In the second stage of the inquiry, the court must determine whether defendant's motion is timely. These issues are addressed *seriatim.*

### A. "Newly Discovered Evidence" Clause of Rule 33

Most jurisdictions share the view that evidence of ineffective assistance of counsel does not constitute "newly discovered evidence" under Rule 33 where facts supporting the claim were within defendant's knowledge at the time of trial. *See, e.g., United States v. Taglia,* 922 F.2d 413, 417 (7th Cir.1991), *cert. denied sub nom. McDonnell v. United States,* 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991); *United States v. Laird,* 948 F.2d 444, 446 (8th Cir.1991); *United States v. Seago,* 930 F.2d 482, 489 (6th Cir. 1991); *United States v. Lema,* 909 F.2d 561, 565 (1st Cir.1990); *United States v. Miller,* 869 F.2d 1418, 1421 (10th Cir.1989); *United States v. Ugalde,* 861 F.2d 802, 806–07 (5th Cir.1988), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989); *United States v. Woods,* 812 F.2d 1483, 1488 (4th Cir.1987); *United States v. Dukes,* 727 F.2d

34, 39–40 (2nd Cir.1984); *United States v. Lara–Hernandez*, 588 F.2d 272, 275 (9th Cir. 1978).

The District of Columbia, however, appears to follow a contrary rule. In *United States v. Brown*, 476 F.2d 933 (D.C.Cir.1973), the court found that "evidence of the ineffectiveness of trial counsel ... brought to the attention of the court for the first time in support of [a motion for a new trial] is 'newly discovered' for ... purposes of Rule 33." *Id.* at 935 n. 11. Similarly, in *United States v. Thompson*, 475 F.2d 931 (D.C.Cir.1973), the court observed that " '[defendant] may raise and fully support [an ineffective assistance of counsel] claim ... on a motion for an new trial without excusing that action with a showing of earlier "due diligence." ' " *Id.* at 932. *Accord Marshall v. United States*, 436 F.2d 155, 159 (D.C.Cir.1970) ("counsel's lack of diligence at time of trial should be no barrier to considering a motion for an new trial on the merits of constitutional grounds raised."); *United States v. Smallwood*, 473 F.2d 98, 104 (D.C.Cir.1972) (Bazelon, J., concurring) ("It is settled, however, that [the defendant] may raise and fully support his [claim] of a Sixth Amendment violation on a motion for an new trial without excusing that action with a showing of either 'due diligence.' "). This line of cases appears to support defendant's argument that he may raise a claim of ineffective assistance of counsel in a Rule 33 motion for a new trial based on "newly discovered evidence" even though the "newly discovered evidence" was in fact known to the defendant at the time of trial.[1]

The fact that District of Columbia law is exceptional in this area is not a concern of this court. Circuit splits and related issues of uniformity in the law are the grist of the federal appellate courts' docket. Federal district courts, in contrast, focus their attention on the logical and deliberate application of existing law. Thus, the District of Columbia's stand-alone status in its Rule 33 jurisprudence does not prompt this court to reject the approach established by this line of cases.

Rather, it is because this approach upsets the balance of competing interests struck by the existing structure of post conviction relief and contradicts the plan meaning of Rule 33 that this court is compelled to disavow District of Columbia precedent and embrace the approach taken by all other federal courts in this country.

In determining how the "newly discovered evidence" clause of Rule 33 should be applied, most courts have been careful not to allow the equities of a particular defendant's case to overshadow societal and institutional interests in fairness and finality. This is because courts recognizes that the "newly discovered evidence" clause of Rule 33 does not operate in a vacuum. Rather, this provision exists among a complex of procedural mechanisms that govern post-conviction remedies. The structure of these rules and procedural restrictions is informed by a variety of moral, political, ethical, and institutional concerns. Courts therefore have traditionally approached the interpretation of rules governing post-conviction remedies with an awareness of the elaborate structure that serves as the backdrop for each individual ruling.

In *Brown*, the D.C. Circuit held that "where evidence of ineffective assistance of trial counsel is brought to the attention of the court for the first time in support of the [new trial] motion, that evidence is 'newly discovered' for purposes of Rule 33." *Brown*, 476 F.2d at 935 n. 11. In so holding, the D.C. Circuit gave further definition to an existing legal fiction whereby the mere "discovery" that one's counsel was ineffective constituted "newly discovered evidence"—even though the facts "discovered" were in actuality known by the claimant at the time of trial. The precedent established by this case not only inserts unilaterally an additional remedy into the panoply of existing post-conviction relief without considering how such an imposition might upset the structure of rights and remedies already in place, but it does so in

---

1. Some courts have postulated that these cases represents "an effort by [the D.C.] Circuit to ameliorate the differences between the direct appeal and habeas standards for reviewing ineffectiveness of counsel claims in that Circuit." *Ugalde*, 861 F.2d at 806; *see also United States v.*

*Ellison*, 557 F.2d 128, 133 (7th Cir.1977) (discussing the D.C. Circuit cases). Although the case law in this area may have this effect, such statements have not been substantiated by any ruling of the D.C. Circuit.

such a way as to render meaningless the seven day time limit of Rule 33 that would otherwise be applicable to such claims.

Moreover, the approach reflected in the District of Columbia case law and advocated by the defendant contradicts the clear and unambiguous text of Rule 33. The "newly discovered evidence" clause of Rule 33 is plain on its face. It provides for an extension of the time limit in which a defendant may file a motion for new trial where defendant's motion is based on previously unknown facts that have only recently come to light. Claims such as defendant's do not fall within this category of cases because the claims are based upon known but unappreciated facts. It is clear that such cases are not of the type contemplated by the "newly discovered evidence" clause.

Justice Black, commenting on Rule 33's predecessor, Fed.R.Crim.App. II, emphasized the importance of protecting rules such as the "newly discovered evidence" clause against strained interpretation and unnecessary abuse:

> Determination of guilt or innocence as result of fair trial, and prompt enforcement of sentences in the event of conviction, are the objectives of criminal law. In the interest of promptness, Rule II(2) of the Criminal Appeals Rules requires that motions for new trial generally must be made within three days after the verdict or finding of guilt.... But motions for new trial on the ground of recently discovered evidence have been more liberally treated.... [The more liberal treatment afforded to the latter set of cases] is designed to afford relief where, despite the fair conduct of the trial, it later clearly appears to the trial judge that, because of facts unknown at the time of trial, substantial justice was not done. It is obvious, however, that this privilege might lend itself for use as a method of delaying enforcement of just sentences.... While a defendant should be afforded the full benefit of this type of rectifying motion, courts should be on the alert to see that the privilege of its use is not abused.

*United States v. Johnson,* 327 U.S. 106, 112–13, 66 S.Ct. 464, 467, 90 L.Ed. 562 (1945).

Courts are wise to read the clear and unambiguous language of the "newly discovered evidence" clause in accordance with its plain meaning, and resist the temptation to preordain outcomes in particular cases by engaging in boldly unnecessary intellectual somersaults. This court refuses to perpetuate a legal fiction that turns a blind eye to facts which are of decisive importance in every other federal court in this nation. A court cannot remain true to the system of post-conviction rights and remedies—of which Rule 33 and the "newly discovered evidence" clause are a part—and perpetuate the legal fiction that would afford the relief sought by defendant in this case. The time has come for federal courts in the District of Columbia to abandon this debilitative jurisprudence. Accordingly, this court finds that evidence of ineffective assistance of trial counsel known to but unappreciated by the defendant at the time of trial *does not* constitute "newly discovered evidence" for purposes of Rule 33.

## B. Timeliness

■ Although the court has determined that the evidence of ineffective assistance of counsel upon which defendant relies in his Rule 33 motion for a new trial *does not* constitute "newly discovered evidence," the court must still resolve whether defendant's motion was timely filed under Rule 33's time limit for motions not based on "newly discovered evidence." A Rule 33 motion for new trial that is not based on "newly discovered evidence" must be filed within seven days after verdict or finding of guilt. Fed. R.Crim.P. 33. The seven day time constraint imposed by Rule 33 constitutes a jurisdictional limit on a district court's power to grant a new trial. *See United States v. Hall,* 854 F.2d 1269, 1271 (11th Cir.1988); *United States v. Brown,* 587 F.2d 187, 189 (5th Cir. 1979); 3 Charles A. Wright, *Federal Practice and Procedure: Criminal* §§ 552, 558 n. 1 (2d ed.1982). Consequently, if defendant filed his motion more than seven days after the jury verdict, this court does not have

34

jurisdiction to hear defendant's claim.[2] In this case, defendant filed his motion over four years after the jury conviction—well beyond the seven day period allowed under Rule 33. By failing to file the motion in a timely fashion, defendant effectively waived his right to relief under Rule 33. Accordingly, defendant's motion is procedurally time-barred.

■ This is not to say that defendant's claim is lost. Defendant may raise his claim of ineffective assistance of counsel on collateral attack *after* sentencing pursuant to 28 U.S.C. § 2255.[3] At that time, defendant may request a new trial. However, it is clear that this court lacks jurisdiction to consider defendant's pending Rule 33 motion for new trial. Accordingly, defendant's request for an evidentiary hearing to determine the merits of defendant's claim of ineffective assistance of counsel shall be denied.

### III.

### CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motion for new trial is DENIED.

SO ORDERED.

---

2. Courts are permitted to extend the time period in which a defendant may file a Rule 33 motion not based on "newly discovered evidence." An extension, however, may only be granted "during the 7–day period" following the guilty verdict. *See* F.R.Crim.P. 33. Defendant, in this case, did not file a request for an extension of time in which to file his motion during the seven day period and, consequently, no such extension was granted by this court.

3. Although federal courts must ensure that for every right there is a remedy, *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), courts "need not provide for every right the same remedy." *Ugalde*, 861 F.2d at 810.