**UNITED STATES of America, Appellee,**

v.

**Angel TORRES, a/k/a Victor Sanchez, Appellant.**

No. 96–3044.

United States Court of Appeals, District of Columbia Circuit.

Argued May 5, 1997.

Decided June 20, 1997.

Santha Sonenberg, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A.J. Kramer, Federal Public Defender.

Mary–Patrice Brown, Assistant U.S. Attorney, argued the cause for appellee. With her on the briefs were Eric H. Holder, Jr., U.S. Attorney, John R. Fisher, Robert A. Spelke, and Nancy R. Page, Assistant U.S. Attorneys.

Before: WALD, HENDERSON and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge TATEL.

TATEL, Circuit Judge:

A jury convicted appellant of possession with intent to distribute cocaine and cocaine base. Claiming ineffective assistance of counsel in violation of the Sixth Amendment, appellant filed a Rule 33 motion for new trial that the district court dismissed as untimely. Because we conclude that the facts alleged in support of appellant's Sixth Amendment claim were not "newly discovered" within the meaning of Rule 33, we affirm the district court's dismissal of the new trial motion. Although appellant raises a colorable ineffective assistance claim on direct appeal that we cannot resolve on the existing record, we need not remand to the district court because appellant has renewed the same claim in a pending section 2255 proceeding where the Government admits the need for a fact-finding hearing. Finally, we find no plain error in the district court's failure to instruct the jury on the credibility of a drug addict's testimony.

I

Police arrested appellant Angel Torres and a co-defendant, Jannette Nunez, at a Washington, D.C. bus station after a search of Nunez's luggage uncovered approximately 250 grams of cocaine base and six grams of cocaine hydrochloride that Nunez claimed belonged to Torres. Pursuant to a plea agreement, Nunez testified against Torres at his trial on charges of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841. On the second day of trial, Torres failed to appear in court. After the district judge issued a bench warrant, the jury convicted Torres *in absentia* on the drug charges.

Arrested on the bench warrant more than three years later, Torres returned to court in July 1994. Through newly-appointed counsel, Torres moved for a new trial in July 1995, claiming that because he spoke little English, he had been unable to communicate with the lawyer who had represented him at trial. Although a Spanish-language interpreter had participated in all court proceedings, Torres argued that his trial lawyer's failure to use an interpreter in their out-of-court meetings denied him the Sixth Amendment right to effective assistance of counsel. The district court dismissed Torres's motion for lack of jurisdiction because it had not been made within seven days of the verdict as generally required by Federal Rule of Criminal Procedure 33. *United States v. Sanchez*, 917 F.Supp. 29 (D.D.C.1996). Although Rule 33 provides that motions for a

new trial based on "newly discovered evidence" may be brought any time within two years of final judgment, the district court held that "evidence of ineffective assistance of trial counsel known to but unappreciated by the defendant at the time of trial *does not* constitute newly discovered evidence" within the meaning of the Rule. *Id.* at 33. The district court sentenced Torres to 235 months in prison.

After filing this appeal, Torres renewed his Sixth Amendment claim in a collateral attack on his sentence. *See* 28 U.S.C. § 2255 (1994). In that proceeding, still pending in the district court, the Government has conceded the need for a hearing.

## II

■ Torres claims that the district court erred in dismissing his new trial motion as time-barred, arguing that his trial counsel's alleged ineffective assistance amounted to "newly discovered evidence" under Rule 33. Although we typically review denials of new trial motions for abuse of discretion, *see United States v. Lafayette,* 983 F.2d 1102, 1105 (D.C.Cir.1993), because the district court dismissed Torres's motion on jurisdictional grounds, our review is *de novo. See United States v. Haddock,* 956 F.2d 1534, 1544 (10th Cir.1992).

■ Rule 33 provides in relevant part:
The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment.... A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

Nine of our sister circuits have considered the issue before us today, and all nine have held that an ineffective assistance of counsel claim may not serve as the basis for a new trial motion under the "newly discovered evidence" prong of Rule 33 where the facts alleged in support of the motion were known to the defendant at the time of trial. *United States v. Lema,* 909 F.2d 561, 566 (1st Cir.

1990); *United States v. Dukes,* 727 F.2d 34, 39 (2nd Cir.1984); *United States v. Smith,* 62 F.3d 641, 648 (4th Cir.1995); *United States v. Ugalde,* 861 F.2d 802, 806 (5th Cir.1988); *United States v. Seago,* 930 F.2d 482, 489 (6th Cir.1991); *United States v. Ellison,* 557 F.2d 128, 133 (7th Cir.1977); *United States v. Laird,* 948 F.2d 444, 446 (8th Cir.1991); *United States v. Lara–Hernandez,* 588 F.2d 272, 275 (9th Cir.1978); *United States v. Miller,* 869 F.2d 1418, 1421 (10th Cir.1989); *see also United States v. DeRewal,* 10 F.3d 100, 104 (3rd Cir.1993) (suggesting same result in dictum). Instead, an ineffective assistance claim, time-barred for the purposes of a new trial motion, may be brought after sentencing in a collateral attack under 28 U.S.C. § 2255. *See, e.g., Ellison,* 557 F.2d at 134.

Following the reasoning of these cases, the district court dismissed as untimely Torres's new trial motion, brought some four and a half years after the verdict, because Torres admitted knowing at the time of trial of his lawyer's purported communication problem. In reaching this result, the district judge rejected as "debilitative jurisprudence" this court's decision in *United States v. Brown,* 476 F.2d 933 (D.C.Cir.1973), which he read to establish a . contrary rule. *Sanchez,* 917 F.Supp. at 32–33. According to the district judge:

The fact that District of Columbia law is exceptional in this area is not a concern of this court. Circuit splits and related issues of uniformity in the law are the grist of federal appellate courts' dockets. Federal district courts, in contrast, focus their attention on the logical and deliberate application of existing law. Thus, the District of Columbia's stand-alone status in its Rule 33 jurisprudence does not prompt this court to reject the approach established by this line of cases. Rather, it is because this approach upsets the balance of competing interests struck by the existing structure of post conviction relief and contradicts the plain meaning of Rule 33 that this court is compelled to disavow District of Columbia precedent and em-

brace the approach taken by all other federal courts in this country.

*Id.* at 32.

■ We welcome and consider carefully the candid views of our colleagues on the district court, including their criticism of circuit law. But just as we "leave to [the Supreme Court] the prerogative of overruling its . . . decisions," *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526 (1989), district judges, like panels of this court, are obligated to follow controlling circuit precedent until either we, sitting en banc, or the Supreme Court, overrule it. *See, e.g., LaShawn A. v. Barry,* 87 F.3d 1389, 1395 (D.C.Cir.1996) (noting circuit precedent may be overruled only by the full circuit court). That a district judge disagrees with circuit precedent does not relieve him of this obligation whether or not the precedent has been embraced by our sister circuits.

In this case, however, the district judge's "disavow[al]" of circuit precedent, though unauthorized, was entirely unnecessary, for *Brown's* discussion of Rule 33 is dictum. *See Gersman v. Group Health Assoc., Inc.,* 975 F.2d 886, 897 (D.C.Cir.1992) ("Binding circuit law comes only from the holdings of [the court], not from its dicta."). The defendant in *Brown* had neither moved for a new trial in the district court nor raised ineffective assistance of counsel on appeal. Finding an ineffectiveness claim "lurk[ing]" in the defendant's argument that he should not be bound by his trial lawyer's failure to preserve an evidentiary issue for appeal, the court suggested that the defendant "may seek to raise the issue of ineffectiveness and support his claim with evidence [outside] the record either on a timely motion for a new trial or on collateral attack." *Brown,* 476 F.2d at 935. In a footnote that the district judge in this case interpreted as a holding, the court stated that "[w]here evidence of the ineffectiveness of trial counsel is brought to the attention of the court for the first time in support of the motion, that evidence is 'newly discovered' for the purposes of Rule 33." *Id.* at 935 n. 11. Unnecessary to the court's disposition of the case, the *Brown* footnote, admittedly lending itself to varying interpretations, binds neither us nor the district judge. Although we cited *Brown* in *United States v. DeCoster,* 487 F.2d 1197, 1205 n. 38 (D.C.Cir. 1973), for the proposition that claims of ineffective assistance of counsel should "first be presented to the district court in a motion for a new trial," *id.* at 1204–05, neither *DeCoster* nor any subsequent decision transformed *Brown's* footnote about the scope of Rule 33's newly discovered evidence provision into a circuit holding. Indeed, to the extent *Brown's* dictum suggests that *every* ineffective assistance claim constitutes "newly discovered evidence," we have implicitly questioned it. As we observed just two years after *Brown,* "most new trial motions in reliance on [ineffective assistance of counsel] are not classifiable as motions based on newly discovered evidence," *United States v. Tindle,* 522 F.2d 689, 692 n. 8 (D.C.Cir.1975), and thus the "ineffective assistance argument can . . . be placed before the District Court only through a § 2255 motion." *Id.* at 692.

As authority for its reading of the Rule, the *Brown* court cited *United States v. Thompson,* 475 F.2d 931 (D.C.Cir.1973). Like *Brown,* however, *Thompson* did not involve a motion for new trial. Although indicating that the defendant could pursue a new trial motion " 'without excusing that action by a showing of earlier due diligence,' " *Thompson,* 475 F.2d at 932 (quoting *United States v. Smallwood,* 473 F.2d 98, 104 (D.C.Cir.1972) (Bazelon, C.J., concurring)), *Thompson* held only that the defendant's ineffective assistance claim, based on trial counsel's failure to call certain witnesses, could not be resolved on direct appeal because it relied on affidavits outside the record. As other courts have observed, *see, e.g., Ellison,* 557 F.2d at 133, the *Brown* and *Thompson* courts' broad reading of Rule 33 may have been intended to dampen the effect of earlier circuit precedent requiring a "more powerful showing of [counsel's] inadequacy" to sustain a collateral attack than to warrant a new trial on direct review. *Bruce v. United States,* 379 F.2d 113, 117 (D.C.Cir.1967). Because the Supreme Court has now made clear that "no special standards ought to apply to ineffectiveness claims made in [collateral] proceedings," *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 2070,

80 L.Ed.2d 674 (1984), that rationale for interpreting the Rule no longer has force.

■ The dictum in *Brown* and *Thompson* finds its roots in *Marshall v. United States,* 436 F.2d 155 (D.C.Cir.1970), a case that actually involved review of a motion for new trial denied by the district court. *Marshall* held that a defendant raising a constitutional claim in a new trial motion based on new evidence need not excuse his lawyer's failure to discover the evidence at the time of trial with a showing of "due diligence." *Marshall,* 436 F.2d at 158–59 & n. 11. Without questioning that holding, we decline today to extend it as suggested by *Brown* and *Thompson* but squarely rejected by virtually all of our sister circuits. Agreeing with the district judge in this case, we hold that where a defendant *knows* the facts supporting his ineffective assistance of counsel claim at the time of trial, those facts are not "newly discovered" for the purposes of Rule 33. A contrary interpretation would not only defy the Rule's plain language but, as the district judge found, would also undermine the time limits Congress has recently placed on collateral attacks grounded in facts known at the time of trial, *see* 28 U.S.C.A. § 2255(1), (4) (West Supp.1997) (one-year limitation on claims running from date of final judgment or date evidence could have been discovered through due diligence). Because Torres concedes that he knew the factual basis of his ineffective assistance claim—the alleged language barrier between him and his lawyer—at the time of his 1991 trial, the district court correctly dismissed his new trial motion for lack of jurisdiction.

We recognize that the Fourth, Fifth, and Ninth Circuits have gone further, holding that even "newly discovered" facts supporting an ineffective assistance claim do not remove a new trial motion from Rule 33's seven-day time limit because such facts do not constitute "evidence" within the meaning of the Rule. *See Smith,* 62 F.3d at 648; *Ugalde,* 861 F.2d at 807–09; *United States v. Hanoum,* 33 F.3d 1128, 1130–31 (9th Cir. 1994). *But see United States v. Johnson,* 12 F.3d 1540, 1547 (10th Cir.1993) ("[W]here the facts relevant to ineffective assistance are *not* known to the defendant until after trial, they may be raised on a 'newly discovered evidence' motion under Rule 33."). Not presented with newly discovered facts here, we have no need to endorse this view and, in any event, doubt that it could be reconciled with our precedents. *See United States v. Kelly,* 790 F.2d 130 (D.C.Cir.1986) (district court abused its discretion by failing to hold a hearing or otherwise resolve factual disputes in new trial motion alleging newly discovered evidence of Sixth Amendment violation); *Marshall,* 436 F.2d at 159 & n. 11.

### III

■ Torres argues that even if his Rule 33 motion was untimely, he may raise his Sixth Amendment claim on direct appeal and that we must remand the claim for an evidentiary hearing. We agree that the untimeliness of his Rule 33 motion does not bar him from raising the Sixth Amendment issue here. We also agree that he raises a colorable claim of ineffective assistance of counsel. If Torres was unable to communicate effectively with his attorney, he may have been unable to make informed choices about whether to plead guilty, whether to cooperate with the Government, or whether to testify. Unable to resolve these fact-intensive issues on the record before us, we normally would remand Torres's ineffective assistance claim to the district court for a supplemental hearing. *United States v. Cyrus,* 890 F.2d 1245, 1247 (D.C.Cir.1989). But because Torres has renewed the identical claim in a collateral attack now pending before the district court in which the Government has conceded the need for a hearing, remand is unnecessary. *See United States v. Fennell,* 53 F.3d 1296, 1304 (D.C.Cir.1995) (court's general practice is to remand claim for an evidentiary hearing unless already raised before district court in motion for new trial or collateral attack).

### IV

■ For his only other argument on appeal, Torres claims that because co-defendant Nunez, called as a Government witness, admitted using heroin at the time of her arrest, the district court should have given a cautionary instruction to the jury on the credibility of a drug addict's testimony. Having failed to request such an instruction from the district court, Torres concedes that we review only for plain error. FED. R.CRIM.P. 30, 52(b); *United States v. Ga-*

**1038**

*tling,* 96 F.3d 1511, 1524–25 (D.C.Cir.1996). We find none.

■ Even assuming Nunez was addicted to drugs when she testified, a fact not established at trial, "this court has never adopted a rule requiring a trial court sua sponte to give a special charge regarding the credibility of ... a drug addict." *United States v. Spriggs,* 996 F.2d 320, 325 (D.C.Cir.1993); *cf. United States v. Kinnard,* 465 F.2d 566, 572–73 (D.C.Cir.1972) (Bazelon, C.J., concurring) (urging adoption of mandatory instruction where witness is both an addict *and* a paid government informant). Furthermore, because the district court instructed the jury that the testimony of an accomplice "should be received with caution and scrutinized with care," and because defense counsel cross-examined Nunez regarding her drug use, Torres has failed to demonstrate prejudice from the absence of the unrequested instruction. *Cf. United States v. Burrows,* 36 F.3d 875, 878 (9th Cir.1994) (observing that addict instruction unnecessary where witness's addiction disputed, defendant has adequate opportunity for cross-examination, or court reads other cautionary instructions).

We affirm.

*So ordered.*