Notice: This opinion is subject to formal revision before publication in the
Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify
the Clerk of any formal errors in order that corrections may be made
before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 18, 2002      Decided April 8, 2003

No. 02–3034

UNITED STATES OF AMERICA,
APPELLANT

v.

DENNIS HALL,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 98cr00435–01)

*Chrisellen R. Kolb*, Assistant United States Attorney, ar-
gued the cause for the appellant. *Roscoe C. Howard, Jr.*,
United States Attorney, and *John R. Fisher, Thomas J.
Tourish, Jr.*, and *Daniel M. Cisin*, Assistant United States
Attorneys, were on brief.

*A.J. Kramer*, Federal Public Defender, argued the cause
for the appellee.

Bills of costs must be filed within 14 days after entry of judgment.
The court looks with disfavor upon motions to file bills of costs out
of time.

Before: GINSBURG, *Chief Judge*, HENDERSON, *Circuit Judge,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: The United States appeals the district court's grant of a new trial to Dennis Hall. The district court determined that Hall's counsel's failure to timely file a motion for a new trial constituted "newly discovered evidence" under FED. R. CRIM. P. 33(b)(1) supporting its grant of Hall's new trial motion. *United States v. Hall*, Crim. No. 98–435–LFO, at 4 (D.D.C. Feb. 7, 2002) (mem.) (Appendix (App.) Tab I). The United States argues that the district court erred because the newly discovered evidence that provides the basis for a new trial motion must have been in existence at the time of trial and the "evidence" on which Hall's motion is based occurred following trial. We agree and therefore reverse the district court.

I.

This is the second time we have reviewed the district court's grant of a new trial to Hall. *See United States v. Hall*, 214 F.3d 175 (D.C. Cir. 2000). His conviction of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g) and of possession of marijuana in violation of 21 U.S.C. § 844(a) resulted from a jury verdict returned on May 5, 1999. During trial, Hall had objected to the government's closing argument claim that Hall's counsel had "played the race card" and requested that the jury be instructed to disregard the remark. The trial court deferred ruling on Hall's objection until "after we have a verdict." Hall's trial counsel waited until May 14, 1999, the seventh business day after the verdict, before moving for an extension of time to file a motion for a new trial. The district court did not rule on the requested extension until June 3, 1999 when it granted the extension request *nunc pro tunc*, extending the deadline to file a new trial motion until June 10, 1999. *Id.* Hall subsequently moved for a new trial and on October 1, 1999

the district court granted Hall's motion. The United States appealed.

We reversed, explaining that FED. R. CRIM. P. 33(b)(2)'s seven-day time limit[1] is jurisdictional. *Hall*, 214 F.3d at 178. Under Rule 33(b)(2), we held, the district court has jurisdiction to rule on a motion for a new trial only if the motion is made no later than seven days after the verdict unless the district court grants an extension before the seven-day limit expires. *Id.* Because Hall failed to timely file a new trial motion and the district court did not extend Hall's deadline within the seven-day period, we concluded that the district court lacked jurisdiction to grant Hall's new trial motion. *Id.* We reversed and remanded for sentencing. Hall was subsequently sentenced and he then filed an appeal.

While his appeal was pending, Hall filed a second new trial motion. App. Tab F. This time, he asserted that the district court had jurisdiction to grant his motion based on "newly discovered evidence." *Id.* at 4–7. Rule 33(b)(1) permits a motion for a new trial based on newly discovered evidence if made "within 3 years after the verdict." FED. R. CRIM. P. 33(b)(1). Hall's newly discovered evidence was his discovery of an ineffective assistance of counsel claim based on his counsel's failure to timely file a new trial motion. App. Tab F.

The district court agreed, concluding that Hall's complaint about his counsel's post-trial mistake gave it jurisdiction under Rule 33(b)(1) to consider, and grant, his motion. App. Tab. I at 4. Rejecting contrary decisions from the fourth, fifth and ninth circuits,[2] *id.* at 3, and citing dictum from our

---

[1] "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7–day period." FED. R. CRIM. P. 33(b)(2).

[2] These courts held that "information supporting an ineffective assistance claim is not 'evidence' within the meaning of Rule 33 and, therefore, that a motion for a new trial predicated on ineffective assistance of counsel must be brought, if at all, within seven days of judgment regardless of when the defendant becomes aware of the

decision in *United States v. Torres*, 115 F.3d 1033, 1037 (D.C. Cir. 1997), that there the court had "no need to endorse [the other circuits'] rule," the district court concluded that we would not bar a Rule 33(b)(1) motion based on an ineffective assistance claim so long as "Hall did not . . . know the facts supporting his ineffective assistance of counsel claim at the time of trial." App. Tab. I at 3. Because the error occurred "after trial, when Hall was no longer present and able to observe counsel's actions," the trial judge declared, information about the error was " 'newly discovered evidence,' not known to Hall at the time of trial." *Id.* at 3–4. Having satisfied itself of its jurisdiction, it then held that the prosecutor's comments during trial were unfairly prejudicial, making Hall's motion meritorious. *Id.* at 5–9. It further declared its intention "to grant the defendant's motion for a new trial upon remand of jurisdiction from the Court of Appeals." *Id.* at 9. On our remand of Hall's then pending appeal, *United States v. Hall*, No. 01–3017 (D.C. Cir. Mar. 12, 2002), the district court granted Hall's motion. *United States v. Hall*, Crim. No. 98–435–LFO (D.D.C. Mar. 15, 2002) (App. Tab J). The United States now appeals that order.

## II.

Although we ordinarily review an order granting a new trial for abuse of discretion, here we consider *de novo* the purely legal question before us, namely whether the fact that Hall's counsel failed to timely move for a new trial, a fact Hall first "learned of" when we reversed the trial court's grant of the untimely motion, constitutes newly discovered evidence under FED. R. CRIM. P. 33(b)(1). *Torres*, 115 F.3d at 1035; *United States v. Lafayette*, 983 F.2d 1102, 1105 (D.C. Cir. 1993). FED. R. CRIM. P. 33 provides two jurisdictional bases

facts which suggested [a defendant's] attorney's performance may have been constitutionally inadequate." *United States v. Smith*, 62 F.3d 641, 648–49 (4th Cir. 1995); *see also United States v. Hanoum*, 33 F.3d 1128, 1130–31 (9th Cir. 1994), *cert. denied*, 514 U.S. 1068 (1995); *United States v. Ugalde*, 861 F.2d 802, 807–09 (5th Cir.), *cert. denied*, 490 U.S. 1097 (1989).

for a motion for a new trial—if a motion is made: "grounded on newly discovered evidence . . . within 3 years after the verdict or finding of guilty" or "within 7 days after the verdict or finding of guilty, or within such further time as the court may fix during the 7–day period." FED. R. CRIM. P. 33(b);[3] *United States v. Marquez*, 291 F.3d 23, 26–28 (D.C. Cir.), *cert. denied*, 123 S. Ct. 329 (2002); *Hall*, 214 F.3d at 177. Rule 33(b)(2) having been foreclosed, the district court had jurisdiction to grant Hall's motion only if his trial counsel's error constitutes newly discovered evidence under the Rule.

Hall alleges as the basis of his motion his post-trial discovery of an ineffective assistance of counsel claim. The district court discussed the circuit split regarding the treatment of ineffective assistance evidence as "newly discovered evidence" under FED. R. CRIM. P. 33(b)(1). Some circuits have held that ineffective assistance evidence does not constitute "newly discovered evidence" under the Rule in view of the purpose of including newly discovered evidence as a basis for a new trial motion, that is, to afford relief if evidence later surfaces directly affecting proof of guilt or innocence. *United States v. Smith*, 62 F.3d 641, 648–49 (4th Cir. 1995); *United States v. Hanoum*, 33 F.3d 1128, 1130–31 (9th Cir. 1994), *cert. denied*, 514 U.S. 1068 (1995); *United States v. Ugalde*, 861 F.2d 802, 807–09 (5th Cir.), *cert. denied*, 490 U.S. 1097 (1989). These courts conclude that whether counsel was ineffective at trial sheds no light on the defendant's guilt or innocence; accordingly, it should not be the basis for a Rule 33(b)(1) motion. *Ugalde*, 861 F.2d at 807–09. On the other hand, the Tenth Circuit has held that ineffective assistance evidence may be the basis of a new trial motion based on newly discovered evidence so long as the evidence is truly "newly discovered"—i.e., so long as the facts relevant to counsel's deficiency were "*not* known to the defendant until after trial." *United States v. Johnson*, 12 F.3d 1540, 1548 (10th Cir. 1993);

---

[3] We note that on December 1, 2002 Rule 33 was amended as part of a general restyling of the Federal Rules of Criminal Procedure. The changes were intended to be "stylistic only." FED. R. CRIM. P. 33 advisory committee's note.

*see also United States v. Kladouris*, 739 F. Supp. 1221, 1225–27 (N.D. Ill. 1990) (citing *United States v. Brown*, 476 F.2d 933, 935 n.11 (D.C. Cir. 1973) (per curiam)).[4]  None of these cases, however, discusses the crucial issue in this case—whether "evidence" that does not exist until after trial can be "newly discovered evidence" under FED. R. CRIM. P. 33(b)(1).

We have previously held that under Rule 33, "to justify a new trial, 'newly discovered evidence' must have been existence at the time of trial." *Lafayette*, 983 F.2d at 1105.  In *Lafayette* we held that evidence that a police officer who testified at trial against the defendants began using drugs *after* trial was not "newly discovered evidence."  *Id.*  As we explained, "[e]vents and transactions occurring after the trial obviously could not have been the subject of testimony at the trial," and, accordingly, such events would have had no effect on the trial's outcome and should not be the basis for vacating the conviction.  *Id.*  The Seventh Circuit has used the same reasoning.  *United States v. Bolden*, 355 F.2d 453, 461 (7th Cir. 1965) (evidence that witness was convicted of counterfeiting following defendant's trial "was not evidence that was in existence at the time of the defendant's trial and therefore did not constitute evidence upon which a new trial could be based"), *cert. denied*, 384 U.S. 1012 (1966); *see also United States v. Welch*, 160 F. Supp. 2d 830, 833 (N.D. Ohio 2001).[5]

---

[4]  Even though the court in *Kladouris* cited our *Brown* decision to support its view that a newly discovered ineffective assistance claim can support a new trial motion under FED. R. CRIM. P. 33(b)(1), we have since clarified that the *Brown* language specifically relied on was dictum.  *Torres*, 115 F.3d at 1036 (explaining relevant *Brown* language was dictum because Brown had neither moved for new trial nor raised ineffective assistance of counsel claim on appeal).

[5]  Some courts follow the same approach to Rule 59 and Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988) (evidence of results of post-trial investigation was not newly discovered evidence because results did not exist at time of trial); *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 135 (6th Cir. 1990) (plaintiff's death after final judgment was not "newly discovered evidence" under either Rule 59 or 60(b)); *see also Johnson v. Offshore Express, Inc.*, 845

Hall's counsel's failure to move for a new trial within the seven-day time period required by Rule 33(b)(2), "evidence" Hall claims he "discovered" only after trial, did not occur, of course, until after trial.

Nothing in the cases cited by Hall or relied on by the district court permitting evidence of ineffective assistance of counsel to support a new trial motion based on newly discovered evidence suggests a different result because they reviewed defense counsel's performance either during trial or pre-trial. *Torres*, 115 F.3d at 1034 (language barrier between counsel and defendant at trial is basis for ineffective assistance of counsel challenge); *United States v. Kelly*, 790 F.2d 130, 136 (D.C. Cir. 1986) (alleged government agent's conversations with defendant and defense counsel regarding trial strategy and agent's theft of relevant and important documents constitutes sixth amendment violation). We thus conclude that the district court committed legal error in granting Hall's motion for a new trial based on conduct that did not occur until after trial.

For the foregoing reasons, we reverse the district court's judgment.

*So ordered.*

---

F.2d 1347, 1358 (5th Cir. 1988) (evidence of involvement in conspiracy to overthrow foreign government six months after trial not "newly discovered evidence"); *Boyd v. Bulala*, 672 F. Supp. 915, 922 (W.D. Va. 1987) (death of injured party after judgment not "newly discovered evidence"), *aff'd in part, rev'd in part on unrelated grounds, certifying questions to Supreme Court of Virginia*, 877 F.2d 1191 (4th Cir. 1989); *Strobl v. New York Mercantile Exch.*, 590 F. Supp. 875, 878 (S.D.N.Y. 1984) (findings in related litigation made after final judgment not "newly discovered evidence"), *aff'd*, 768 F.2d 22 (2d Cir.), *cert. denied*, 474 U.S. 1006 (1985); 12 MOORE'S FEDERAL PRACTICE § 60.42[3] (3d ed. 1997).